UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HALL, SR.,

      Plaintiff,

v.

GREEN TREE SERVICING, LLC and
LITTON LOAN SERVICING, LP,

      Defendants.

_____/

Case No.  12-11811

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court on Defendant Green Tree Servicing, LLC's

motion to dismiss.  For the reasons set forth below, Defendant's motion is GRANTED.

**I.     Facts**

On July 20, 2007, Plaintiff John Hall, Sr. obtained a loan and granted a mortgage

on his property.  (Def. Mot. 1.)  Defendant Litton Loan Servicing, LP ("Litton") was the

servicer of Plaintiff's loan.  (Def. Mot. 2.)  On June 23, 2011, Defendant Litton assigned the

mortgage to Defendant Green Tree Servicing, LLC ("Green Tree"), which was effective as

of January 1, 2011.  (Def. Mot. 2; Compl. ¶ 10.)

According to Plaintiff's Complaint, on January 26, 2010, Plaintiffs entered into a

mortgage modification agreement with Defendant Litton.  (Compl. ¶ 8.)  In support of this

statement, Plaintiff attached a Trial Period Plan ("TPP").  (Compl. Ex. 1.)  Plaintiff paid the

1

Trial Period Plan payments from January 2010 through September 2011.  (Compl. ¶ 9.)
In October 2011, Plaintiff's payment was returned with the explanation that Defendant
Litton no longer had the loan and Defendant Green Tree was foreclosing.  (Compl. ¶ 11.)

Defendant Litton represented to Plaintiff that as long as he kept his payments
current under the loan, no foreclosure would take place.  (Compl. ¶ 21.)  Defendant Green
Tree represented to Plaintiff that it would process a modification request from Plaintiff.
(Compl. ¶ 23.)  Notwithstanding the Trial Period Plan, which Plaintiff calls the "modification
agreement" and fact that Plaintiff had fully and timely paid the payments under that Plan,
Defendants foreclosed on the loan and conducted a sheriff's sale.  (Compl. ¶¶ 14-15.)
Defendants did not offer Plaintiffs a modification process, rather returned Plaintiff's check.
(Compl. ¶ 19.)  Defendants foreclosed on the property without giving required notices.
(Compl. ¶ 51.)

According to Defendant, Plaintiff defaulted under the terms of the promissory note
and mortgage.  Under the TPP, Plaintiff was to pay $619.22 per month for March, April, and
May of 2010.  (Compl. Ex. 1.) The TPP states that this amount was an "estimate that will
be required under the modified loan terms, which may be finalized in accordance with
Section 3 below."  (Compl. Ex. 1.)  Plaintiff signed the TPP but Defendants did not. The
TPP states:

> I [Plaintiff] agree that during the period (the "Trial Period") commencing on
> the Trial Period (illegible) and ending on the earlier of: (I) the first day of the
> month following this month in which the law Trial Period Payment is due (the
> "Modification Effective Date") or (ii) termination of this Plan, I understand and
> acknowledge that: . . . the Lender will suspend any scheduled foreclosure
> sale, provided I continue to meet the obligations under this Plan, but a
> suspended foreclosure action will not be dismissed and may be immediately
> resumed . . .

2

(Compl. Ex. 1, Sec. 2.B.)  Additionally, Plaintiff "understood and acknowledged that:"

> [T]his Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that I do not qualify or if I fail to meet any one of the requirements under this Plan.

(Compl. Ex. 1, Sec 2.G.)

Plaintiff does not allege that either of Defendants ever provided Plaintiff with a fully executed copy of a Modification Agreement.

Defendant alleges that on April 4, 2011, Defendant Green Tree issued a Notice of Default.  Plaintiff failed to cure his default or take any other action, so Defendant commenced a foreclosure by advertisement as permitted under the mortgage.  On May 17, 2011, Defendant published a notice advising Plaintiff of his rights under the statute.  Plaintiff did not request a meeting under M.C.L. 600.3205 and Defendant proceeded with the foreclosure, publishing the requisite notices on July 7, 14, 21, and 28, 2011.

On October 4, 2011, the sheriff's sale occurred and Defendant Green Tree purchased the property and obtained a sheriff's deed.  Plaintiff was put on notice that he had six months, until April 4, 2012, to redeem the property.  Plaintiff made no attempts to redeem the property during that time and filed this action on April 3, 2012, one day before the redemption period expired.

Plaintiff alleges eight counts: (1) fraudulent misrepresentation, (2) violation of Mortgage Brokers, Lenders, and Servicers Licensing Act, (3) breach of contract, (4) violation of RESPA and TILA, (5) quiet title, (6) violation of M.C.L § 600.3204, (7) slander of title, and (8) injunctive relief.  Defendant filed a motion to dismiss for lack of subject

matter jurisdiction and failure to state a claim.

## II.   Standard

### A.   Rule 12(b)(1): Subject Matter Jurisdiction

Subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction.  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### B.   Rule 12(b)(6): Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of

4

action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___

U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The court is "not bound to accept as true a legal

conclusion couched as a factual allegation."  *Id.* at 1950 (internal quotation marks and

citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief

survives a motion to dismiss."  *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be
> a context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged – but it has not shown – that the pleader is entitled to
> relief.

*Id.* (internal quotation marks and citation omitted).  Thus:

> A court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled
> to the assumption of truth.  While legal conclusions can provide the
> framework of a complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an entitlement
> to relief.

*Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim for relief that is plausible on its face."  *Id.* at 1949

(internal quotation marks and citation omitted).

## III.   Analysis

Defendant argues that Plaintiff's claim should be dismissed for failure to state a

claim and for lack of subject matter jurisdiction because Plaintiff lacks standing.

Specifically, Defendant argues that Plaintiff's claims should be dismissed because; (1)

Plaintiff lacks standing, (2) Plaintiff is guilty of laches, (3) Defendant's foreclosure complied

with Michigan law, (4) Plaintiff failed to state a claim under RESPA or TILA, and (5) Plaintiff

failed to plead fraud with the particularity required by Rule 9(b).

**A.   Standing**

Defendant argues that Plaintiff's claims fail because once the redemption period following foreclosure of a property has expired, the former owner's rights in and title to the property are extinguished.   At that point, the former owner loses standing to assert claims with respect to the property.   In *Piotrowski v. State Land Office Bd.,* 302 Mich. 179 (1942), the Michigan Supreme Court held that the mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption."   *Id.* at 185.   The standard under *Piotrowski* has been applied by Michigan courts—and by federal courts applying Michigan law—to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period.   *See Stein v. U.S. Bancorp,* 2011 WL 740537 (E.D. Mich. Feb. 24, 2011) (Cook, J.); *Overton v. Mortg. Elec. Registration Sys.,* 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated).   In *Overton*, the court held that the plaintiff's suit did not toll the redemption period and stated that the suit was merely the plaintiff's attempt to wage a collateral attack on the foreclosure of the property.   *Overton*, 2009 WL 1507342, at *1.

In this case, the sheriff's sale occurred on October 4, 2011 and the redemption period ended on April 4, 2012.   Plaintiffs did not attempt to redeem the property and instead filed this suit on April 3, 2012, just one day before the redemption period expired.   Plaintiff's suit did not toll the redemption period.

Plaintiff argues that his claim challenging the foreclosure by advertisement is not time barred and cites to Michigan Compiled Law § 600.3205c(8).   That provision states:

6

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c(8).  The wording of this statute, however, anticipates that a mortgagor is challenging the foreclosure proceedings before they have already occurred.  The court cannot enjoin a foreclosure by advertisement and order that it be done by judicial foreclosure in a case where the foreclosure has already occurred, the sheriff's sale is complete, and the redemption period has expired.  There is nothing in this statute that gives this Court the authority to void or set aside a completed foreclosure, as the only remedy provided is to convert a pending foreclosure by advertisement into a judicial foreclosure.

However, Plaintiff argues that *Overton* should not be read as barring an action for lack of standing after the redemption period expired, citing *Rainey v. U.S. Bank National Association*, No. 11-12520 (E.D. Mich. Oct. 25, 2011) (Lawson, J.).  In *Rainey*, the court ruled that *Overton* should be read as a merits decision, not a standing case.  *Overton* states that once a foreclosure sale has taken place and the redemption period has expired, only a strong showing of fraud or irregularity can undo the sale.  Whether read as a standing issue or not, once a foreclosure sale has taken place and the redemption period has expired, only a strong showing of fraud or irregularity can undo the sale.  *Overton*, 2009 WL 1507342, at *1 ("The law in Michigan does not allow an equitable

7

extension of the period to redeem from a statutory foreclosure sale in connection with a
mortgage foreclosed by advertisement and posting of notice in the absence of a clear
showing of fraud, or irregularity.").

Even if Plaintiff has standing, Defendants are entitled to dismissal because the
redemption period has expired and Plaintiff has not shown the requisite fraud or
irregularity in the foreclosure proceedings to set aside the foreclosure sale.

Plaintiff's Complaint alleges that Defendant foreclosed, despite the fact that
Plaintiff was current with his loan payments.  Plaintiff, however, alleges that the TPP
was the loan he was in compliance with and does not allege or show that he was in
compliance with his original loan documents entered into in 2007.  The TPP is clear that
it does not modify the loan and that a modification depends on Plaintiff receiving an
executed Loan Modification contract.  Plaintiff does not allege that he ever received
such a document.

### B.     Breach of Contract

All of Plaintiff's claims stem from his assertion that on January 26, 2010, Plaintiff
entered into a mortgage modification agreement.  Plaintiff's attached exhibit, however,
shows that he is mistaken.  Plaintiff entered into a Trial Period Plan that is not a binding
contract.  Additionally, because Defendants did not sign the TPP, it would be barred by
the Statute of Frauds.  Mich. Comp. Laws § 566.132(2)(c) ("An action shall not be
brought against a financial institution to enforce any of the following promises or
commitments of the financial institution unless the promise or commitment is in writing
and signed with an authorized signature by the financial institution: . . . A promise or
commitment to waive a provision of a loan, extension of credit, or other financial

accommodation.")

Plaintiff states that even if there were no loan, Defendant Green Tree offered Plaintiff no modification process pursuant to M.C.L. § 600.3205a.  Section 600.3205a requires that before commencing with foreclosure, the party foreclosing must serve the borrower with written notice.  It must notify the borrower, among other things, that the borrower, within 30 days of the notice, may request a meeting to attempt to work out a modification of the mortgage loan to avoid foreclosure.  Mich. Comp. Laws § 600.3205a.(1)(d).

In this case, Defendant states that it sent out a notice of default on April 4, 2011 and that Plaintiff failed to take any action.  Plaintiff alleges that Defendant "offered Plaintiff no modification process pursuant to M.C.L. 600.3205a," but Plaintiff never alleges that he requested a meeting to attempt to work out a modification.

This Court finds that Plaintiff's property was properly foreclosed, the redemption period has expired, and Plaintiff has not shown the required fraud or irregularity to set aside the foreclosure sale.  This Court GRANTS Defendant' Green Tree's motion to dismiss.

### C.     Defendant Litton Loan Servicing

Plaintiff filed this action against Defendant Green Tree and Defendant Litton. Defendant Green Tree filed a motion to dismiss, but Defendant Litton did not.

"A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related."  *Bonny v. Soc. of Lloyd's*,

9

3 F.3d 156, 162 (7th Cir. 1993); *see also, Abagninin v. AMVAC Chem. Corp.,* 545 F.3d

733, 743 (9th Cir. 2008).  A court dismissing a plaintiff's claims against moving

defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear

that the same ruling would inevitably apply to each of the defendants." *Rose v.

Arkansas Valley Envtl. & Util. Auth.,* 562 F. Supp. 1180, 1189 n. 11 (W.D. Mo. 1983).

      Because this Court finds that the same arguments for dismissing the claims

against Defendant Green Tree apply to Defendant Litton, this Court also dismisses

Plaintiff's claims against Defendant Litton.

**IV.   Conclusion**

      For the foregoing reasons, Defendant's motion to dismiss is GRANTED.


          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated:  June 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of
record on June 21, 2012, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer
          Case Manager